IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THURMAN C. GREER, III and ) <br> ARCHIE P. MCKINNIS ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> FRANK A. MOULTRIE, ) <br> M. RUSSELL MOULTRIE, and ) <br> STEPHEN B. MOULTRIE ) <br> ) <br> *Defendants.* ) | CIVIL ACTION NO.: <br><br> 2:14-CV-00256-KOB <br><br> JURY TRIAL DEMANDED |

### MEMORANDUM OPINION

This diversity case, alleging breach of contract, fraud, and fraudulent suppression claims under Alabama law, comes before the court on "Defendant Frank A. Moultrie's Motion to Dismiss Counts Eight Through Ten of Plaintiffs' Complaint and Incorporated Memorandum of Law in Support Thereof."[1] (Doc. 9). The Plaintiffs responded (Doc. 21), and the Defendant filed a reply. (Doc. 24). For the reasons stated in this Memorandum Opinion, the court FINDS that the motion is due to be GRANTED IN PART, and DENIED IN PART; more specifically, the court will DENY the motion as to the Counts Eight, Nine, and Ten, but will GRANT the motion as to the fraudulent suppression claim asserted against Frank Moultrie in Count Eleven.

### I. FACTS

The complaint includes the following facts.

---

[1] Although his Motion to Dismiss purports to challenge Counts Eight through Ten, the Defendant Frank Moultrie also intersperses challenges to Count Eleven (fraudulent suppression). Therefore, this court will consider the Defendant's Motion as seeking to dismiss Counts Eight through Eleven.

1

The Plaintiff, Thurman C. Greer, III, contracted with Gadsden Buggy Works LLC, an Alabama limited liability company, that does business under the name Moultrie Toyota. On July 18, 2012, Greer agreed to loan Gadsden Buggy $500,000, and Gadsden Buggy executed a promissory note in favor of Greer in the amount of $500,000. Gadsden Buggy also executed a second promissory note on July 18, 2012 in favor of Greer in the amount of $750,000, based on a 2004 loan in the amount of $500,000 and a 2009 loan in the amount of $250,000. (Doc. 1, ¶¶ 9-15[2]).

The Complaint alleges that in June 2012, Defendant Stephen Moultrie, based on a representation by Frank Moultrie, misrepresented to Plaintiff Greer that *Frank* Moultrie would sell his interest in a Ford dealership and invest the proceeds in Gadsden Buggy. That transaction would permit Gadsden Buggy to repay $650,000 of the loan to Greer. Greer alleges that the Defendants made these misrepresentations to induce Greer to loan Gadsden Buggy $500,000. Prior to the date of the 2012 loan, Defendants Stephen Moultrie, Frank Moultrie, and M. Russell Moultrie each separately agreed to an irrevocable and unconditional personal guaranty in favor of Gadsden Buggy guaranteeing the payment in full of all indebtedness, liabilities, and obligations of Gadsden Buggy to Greer under the "Promissory Notes." Under the Promissory Notes, Gadsden Buggy agreed to make monthly payments of unpaid interest beginning in August 1, 2012. (Doc. 1, ¶¶ 16-17).

The Promissory Notes also provided that upon the occurrence of an event of default,

---

[2]Paragraphs 1-24 are labeled correctly. However, beginning on page 8, the Complaint begins numbering what should be paragraph 25 as paragraph 19. The duration of this opinion will refer to the paragraphs from page 8 through page 19 as what the paragraph *should* be numbered as (i.e. the first full paragraph on page 8 will be referred to as "paragraph 25," the second full paragraph on page 8 will be referred to as "paragraph 26," and etc.).

Greer could bring an action against any or all of the Moultrie brothers to protect or enforce his rights or to collect the debt. The Promissory Notes defined an event of default as constituting: (1) the failure to pay any installment of principal or interest when due; (2) any representation, warranty, statement, certification, or data that reasonably appears to have been incorrect in any material effect as of the day it was furnished; (3) any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect Gadsden Buggy's property or ability to repay the debt or perform its obligations; or (4) a determination in good faith that a material adverse change has occurred in the financial condition of Gadsden Buggy such that its prospect of payment is impaired.

Greer's Complaint continues to allege that Gadsden Buggy defaulted on the loan on several occasions: when Gadsden Buggy failed to make a scheduled payment on November 1, 2013; when Bank of America successfully sued Gadsden Buggy for $5,750,000 for defaulting under a loan and security agreement; when the Moultries made misrepresentations to Greer; and when Greer determined in good faith that Gadsden Buggy's ability to repay the debt was impaired. (Doc. 1, ¶¶ 20-22, 24).

On February 12, 2014, Greer and Archie McKinnis, a third party beneficiary to the 2012 Loan Agreement, filed the instant suit against Stephen Moultrie, Frank Moultrie, and Russell Moultrie. The first seven counts are not addressed in this motion to dismiss, but they allege on behalf of Greer and McKinnis breach of contract against all defendants, and on behalf of Greer they allege fraud against Stephen Moultrie. Count Eight alleges negligent fraud and misrepresentation against Frank Moultrie. Count Nine alleges fraud and misrepresentation

3

against Frank Moultrie. Count Ten alleges intentional fraud and misrepresentation against Frank Moultrie. Finally, Count Eleven alleges fraudulent suppression against all the Defendants. The Plaintiff demands $1,250,000 in damages for breach of contract, and compensatory and punitive damages for the fraud and misrepresentation claims. (Doc. 1). On April 3, 2014, Frank Moultrie filed the motion to dismiss addressed here. (Doc. 9).

## II. STANDARD OF LAW

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). A plaintiff must provide the grounds of his entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). It does, however, "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings that contain nothing more than a "formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertions" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 555 U.S. at 570). To be plausible on its face, the claim must contain enough facts that "allow[] the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although "[t]he plausibility standard is not akin to a 'probability requirement'," the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief'." *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Supreme Court identified "two working principles" for the district court to use in applying the facial plausibility standard. The first principle is that, in evaluating motions to dismiss, the court must assume the veracity of well-pled factual allegations; however, the court does not have to accept as true legal conclusions even when "couched as [] factual allegation[s]" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The second principle is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Thus, under prong one, the court determines the factual allegations that are well-pled and assumes their veracity, and then proceeds, under prong two, to determine the claim's plausibility given the well-pled facts. That task is "context-specific" and, to survive a motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id.* If the court determines that well-pled facts, accepted as true, do not state a plausible claim, the claim must be dismissed. *Id.*

### III. ANALYSIS

The relevant counts of Greer's complaint purports to bring claims against Frank Moultrie for negligent fraud and misrepresentation in Count Eight, reckless fraud and misrepresentation in

Count Nine, and intentional fraud and misrepresentation in Count Ten. The Complaint alleges the same facts in Counts Eight through Ten. The only difference between these counts is the alleged *intent* of Frank Moultrie when he made the alleged fraudulent misrepresentation to Greer. Count Eight alleges that Frank Moultrie made such misrepresentations *negligently*. Count Nine alleges that he made such misrepresentations *recklessly*. Count Ten alleges that he made such misrepresentations *intentionally*. Finally, Count Eleven alleges fraudulent suppression against all the defendants.

In his motion to dismiss, Frank Moultrie argues that Counts Eight through Eleven fail to plead facts stating a plausible claim for relief, and thus, the court should dismiss those counts pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Additionally, Frank Moultrie argues that the Complaint fails to plead with particularity the details of the alleged fraud and fraudulent suppression, and thus, that the court should dismiss Counts Eight through Eleven pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.

Rule 8(a) requires that the Complaint sets forth "a short and plain statement of the claim showing that the pleader is entitled to relief," with a demand for relief and with "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570).

### A. Fraud

Under Alabama law, the elements of fraud requires "(1) [t]here must be a false representation; (2) the false representation must concern a material existing fact; (3) the plaintiff must rely upon the false representation; and (4) the plaintiff must be damaged as a proximate

6

result." *McCullar v. Universal Underwriters Life Ins. Co.*, 687 So. 2d 156, 168 (quoting *Harmon v. Motors Ins. Corp.*, 493 So. 2d 1370, 1373 (Ala. 1986)). If the misrepresentation pertains to a future act, two other elements must be present: "(1) [] the misrepresentation must have been made with the intent to deceive the other party, *and* (2) [] there must have been, at the time the representation was made, an intent not to do the thing promised." *Farmers & Merchants Bank v. Climate Masters & Elec. Co.*, 514 So. 2d 1003, 1004-05 (Ala. 1987) (referencing *Birmingham Broadcasting Co. v. Bell*, 68 So. 2d 314, 321 (Ala. 1953)) (emphasis in original).

Frank Moultrie asserts that Greer failed to state a plausible claim for relief for Counts Eight through Ten. In the instant case, the Complaint discusses specific details of the fraud. It states, among other things, that Frank Moultrie fraudulently represented to Stephen Moultrie, who then, at the direction of Frank, fraudulently misrepresented to Greer, that Frank Moultrie would sell his interest in a Ford dealership. The Complaint alleges that Frank Moultrie would then invest the proceeds of that sale into Gadsden Buggy, allowing Gadsden to "pay down" $650,000 of the debt owed to Greer. The Complaint further alleges that Frank Moultrie's misrepresentation constituted a material fact upon which "Greer detrimentally relied on . . . [when] entering [into] the 2012 Loan and the Promissory Notes." The Complaint alleges that Greer believed that the sale of Frank Moultrie's interest and the investment of the proceeds into Gadsden Buggy would provide Gadsden Buggy with the ability to repay the loan.

The sale of Frank Moultrie's interest constituted a *future* act. Greer alleges that Frank Moultrie promised to make a sale of his interest in the Ford dealership *if* Greer agreed to loan Gadsden Buggy $500,000. However, the Complaint alleges that Frank Moultrie knew at the time he directed Stephen Moultrie to make the agreement on his behalf that he could not sell his

interest because a court order barred him from doing so. Finally, the Complaint alleges that Frank Moultrie's misrepresentation proximately injured Greer. (Doc. 1, ¶¶ 16, 19).

Frank Moultrie alleges that he never spoke with Greer, nor did he ever sign a Promissory Note guaranteeing the repayment of Gadsden Buggy's loans to Greer. Frank Moultrie further contends that someone forged his signature on the Promissory Note, as neither he nor any authorized representative signed it on his behalf. (Doc. 9, 3 at note 1). However, the Complaint concedes that Frank Moultrie never directly discussed selling his interest in the Ford dealership with Greer. The Complaint does allege that Frank Moultrie directed Stephen Moultrie to provide the misrepresentation to Greer knowing that the misrepresentation was false and that a court order barred him from following through on it. That Frank Moultrie only directed Stephen Moultrie to convey this misrepresentation, rather than conveying it himself, fails to demonstrate that no plausible claim for relief exists. These allegations suffice to establish a plausible fraud claim from which Greer could recover from Frank Moultrie.

In addition, Frank Moultrie alleges that he never signed any Promissory Note guaranteeing that in the event of a default on the 2012 Loan by Gadsden Buggy, Frank Moultrie would be jointly and severally liable for the remainder of that debt. (Doc. 9, 3 at note 1). However, this allegation presents a *factual* question. If the factual assertions of the Complaint, accepted as true, state a plausible claim to relief on its face against Frank Moultrie, then the court must deny the Defendant's motion to dismiss. *See Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Twombly*, 550 U.S. at 570). While Frank Moultrie may eventually demonstrate—either at the summary judgment stage or at trial—that someone forged his signature on the Promissory Note, Greer's Complaint still pleads a sufficient factual basis that establishes a plausible claim for

8

relief. Therefore, the court cannot grant Frank Moultrie's motion to dismiss based on this factual contention.

The court FINDS that the factual assertions in the Complaint are sufficient to state a plausible claim for fraud. Accordingly, the motion to dismiss is due to be DENIED as to Counts Eight, Nine, and Ten based on this argument.

Frank Moultrie next argues that the court should dismiss Counts Eight through Ten for failing to plead the alleged fraud with the particularity required under Rule 9(b) of the Federal Rules of Civil Procedure. A complaint alleging fraud must meet a heightened pleading standard. Rule 9(b) of the Federal Rules of Civil Procedure requires that "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "The particularity rule serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and 'protecting defendants against spurious charges of immoral and fraudulent behavior.'" *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988)). A complaint satisfies Rule 9(b) if the complaint sets forth "facts as to [the] time, place, and substance of the defendant's alleged fraud." *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1308 (11th Cir. 2002) (quoting *United States ex rel. Cooper v. Blue Cross & Blue Shield of Fla.*, 19 F.3d 562, 566 (11th Cir. 1994)). The Complaint must state "in detail the statements alleged to be false, when the statements were made, who made the statements, why the statements were false, and what the Defendants stood to gain in making the statements." *In re Recoton Corp. Sec. Litig.*, 358 F. Supp. 2d 1130, 1141 (M.D. Fla. 2005)

9

(quoting *In re Sunbeam*, 89 F. Supp. 2d 1326, 1338 (S.D. Fla. 1999)).

The remaining fraud claims as currently pleaded satisfy Rule 9(b). Greer provides sufficient information to alert Frank Moultrie of the precise misconduct with which he is charged. Greer alleges in detail the alleged false statements, when the Frank Moultrie made the false statements, why the statements were false, and what Frank Moultrie would gain from making such false statements. The Complaint alleges that in June of 2012, Frank Moultrie fraudulently represented to Stephen Moultrie, who in turn fraudulently misrepresented to Greer, that he would sell his interest in a Ford dealership and invest the proceeds in Gadsden Buggy. Greer alleges that although Frank Moultrie alleges that he would sell his interest to invest the proceeds in Gadsden Buggy so Gadsden Buggy could begin repaying Greer if Greer agreed to the 2012 Loan, a court order barred Frank Moultrie from selling his interest. (Doc. 1, ¶ 16). Finally, Greer alleges that he relied upon Frank Moultrie's fraudulent misrepresentations in deciding to loan Gadsden Buggy $500,000.

The court FINDS that the factual assertions in the Complaint are pleaded with sufficient particularity under Rule 9(b). Accordingly the motion to dismiss is due to be DENIED as to that alternative.

### B. Fraudulent Suppression

In Count Eleven, Greer alleges that Frank Moultrie and the other Defendants fraudulently suppressed material information about Gadsden Buggy's financial health. Under Alabama law, the element of fraudulent suppression are "(1) a duty on the part of the defendant to disclose facts; (2) concealment or nondisclosure of material facts by the defendant; (3) inducement of the plaintiff to act; [and] (4) action by the plaintiff to his or her injury." *Freightliner, L.L.C. v.*

*Whatley Contract Carriers, L.L.C.*, 932 So. 2d 883, 891 (Ala. 2005) (quoting *Lambert v. Mail Handlers Benefit Plan*, 682 So. 2d 61, 63 (Ala. 1996)). When determining whether an individual has a duty to disclose, the court examines "(1) the relationship of the parties; (2) the relative knowledge of the parties; (3) the value of the particular fact; (4) the plaintiff's opportunity to ascertain the fact; (5) the customs of the trade; and (6) other relevant circumstances." *Freightliner, L.L.C.*, 932 So. 2d at 891 (quoting *State Farm Fire & Cas. Co. v. Owen*, 729 So. 2d 834, 842-43 (Ala. 1998)).

      The Complaint in the instant case alleges that Frank Moultrie owed a duty to disclose to Greer. However, the Complaint fails to address why Frank Moultrie owed such a duty to Greer. The Complaint states that Greer asked *Stephen* Moultrie about the financial health of Gadsden Buggy, and *Stephen* Moultrie discussed with Greer Gadsden Buggy's positive cash flows, indebtedness, and inventory. (Doc. 1, ¶¶ 15, 17-18). The Plaintiff's Response also states that Greer had a friendship with the Moultrie brothers, especially Stephen, and that Stephen Moultrie acted as a primary contact between and among the parties. (Doc. 21, 9-10). This information in the Response is not included in the face of the Complaint and cannot be considered in ruling on the motion to dismiss. The Complaint itself fails to elaborate on why the relationship between Greer and *Frank* Moultrie and the facts provided warrant the imposition of a duty to disclose on Frank Moultrie. The Complaint fails to discuss any other relevant factor to impose such a duty, including Greer's relative knowledge compared to Frank Moultrie, the value of the suppression, the custom in making non-arm's length transactions, or any other circumstances. In addition, the Complaint fails to specify what information Frank Moultrie failed to disclose or concealed regarding the financial health of Gadsden Buggy. (*See* Doc. 1, ¶ 81-83). The Complaint fails to

11

provide any allegations as to when *Frank* Moultrie directly communicated with Greer.

The court FINDS that the factual allegations in the Complaint are not sufficient to state a plausible claim for fraudulent suppression. Accordingly, the motion to dismiss is due to be GRANTED for Frank Moultrie as to that claim in Count Eleven.

### VII. CONCLUSION

For the reasons stated above, the court FINDS that the motion is due to be GRANTED as to the fraudulent suppression claim in Count Eleven asserted against Frank Moultrie, and DENIED as to the other fraud claims asserted against him. The fraud claims asserted against Frank Moultrie in Counts Eight, Nine and Ten will proceed at this stage.

Dated this 1st day of July, 2014.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE